■ BRESWICK & CO. et al., as Stockholders of Harrison-Rye Realty Corporation, on Behalf of Themselves and All Other Stockholders of Said Corporation, Similarly Situated, Appellants, v. HARRISON-RYE REALTY CORPORATION et al., Respondents.— In a stockholders' derivative action, the appeal is from a judgment entered on an order dismissing the amended com-

■

plaint, pursuant to rule 113 of the Rules of Civil Practice. Judgment affirmed, with $10 costs and disbursements. The respondent Westchester Country Club, Inc., and its holding corporation, the respondent Harrison-Rye Realty Corporation, were created to afford recreation on a nonprofit basis. These affiliates were the immediate successors of and purchasers from a similar country club and holding corporation. The country club is liable on the mortgage made by the holding corporation. When in 1935 a plan of reorganization was made and incorporated in a Federal court order, including creation of preferred stock, it was therein provided that "It is contemplated that the rental to be payable by the Club thereunder will be made dependent on its financial ability to make payments". This action to declare the lease to the country club to be void because the stipulated rental is not in accord with "fair annual rental value", is at odds with the foregoing basis for determining rent. But even the inability of the country club to pay is not binding on respondents in fixing the rental. In the certificate of incorporation of the holding corporation and unaffected by subsequent amendment is a provision empowering its directors to lease "on such terms, conditions and rental as they shall elect without in anywise being liable to any stockholder by reason of any alleged inadequacy of the rent reserved, even though said rent be nominal". The subsequent purchase of stock on the open market by appellants was subject to that quoted provision. The determination of the directors to fix rental at the amount necessary for the holding corporation to maintain the property cannot be said to be actionable. Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment and to vacate the order on which it was entered, with the following memorandum: The alleged wrongdoing of which appellants complain is that the holding corporation granted respondent country club a lease to use its property, real and personal, as a golf and country club at an inadequate rental and assigned the lease to its mortgagee, and it is claimed that at the time of the granting of the lease the board of directors of the holding corporation were all members of the country club, that some were also officers and members of the board of governors of the country club, and that the country club dominated the holding corporation. The net stipulated rental was little more than the amount of money required to meet the holding corporation's expenses. Assuming arguendo that the provision in the holding corporation's certificate of incorporation upon which the respondents rely would be accepted as authorization for the making of a lease such as this, which would not net the holding corporation any material profit, and assuming further that the subsequent resolutions adopted at a stockholders' meeting upon the affirmative vote of a majority of the shares voted would operate as a bar to this action, nevertheless triable issues as to the conclusiveness thereof were raised by appellants' showing that subsequent to the effective date of the said charter provision the holding corporation amended its charter and in pursuance of the amendment issued cumulative dividend shares of stock, some of which is held by appellants, and by their showing with respect to whether the information given to the stockholders in connection with the stated meeting contained material misstatements and omitted material facts. Nolan, P. J., not voting.